(60 South. 638.)

No. 19,050.

REGISTER et ux. v. HARRELL.

(Dec. 16, 1912. Rehearing Denied Jan. 20, 1913.)

*(Syllabus by the Court.)*

1. DEATH (§ 49*) — ACTIONS FOR CAUSING DEATH—PLEADING.

Where a statute gives the parents a right of action for the death of their son only in case he has left no wife and children, the parents in bringing their action must allege the nonexistence of the wife or children, or both, and, where this allegation does not appear, an exception of no cause of action will lie.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 64–66, 69; Dec. Dig. § 49.*]

2. COURTS (§ 99*)—CORRECTION OF ERRORS— RULING ON PLEADING.

The fact that a trial judge has erroneously overruled an exception of no cause of action previously does not keep him from ruling out the evidence when offered at the trial and objected to on the ground that there is no cause of action. It is always in the power of the trial judge to recall a prior ruling which is erroneous.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 340; Dec. Dig. § 99.*]

3. PLEADING (§ 236*)—AMENDMENT—DISCRETION OF COURT.

It is within the discretion of the trial judge to refuse to permit the filing of an amendment on the ground that it is too late after the jury has been chosen.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 601; Dec. Dig. § 236.*]

4. DEATH (§ 11*) — ACTIONS FOR CAUSING DEATH—RIGHT OF ACTION—STATUTORY PROVISION.

Under Act No. 120 of 1908, plaintiffs have a right of action for rights inherited directly by them other than the suffering of their son and his other personal rights had he lived, the extent of plaintiffs' rights to be considered on the merits.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 10, 15; Dec. Dig. § 11.*]

Appeal from Twenty-First Judicial District Court, Parish of Iberville; Calvin K. Schwing, Judge.

Action by William H. Register and wife against Clyde P. Harrell. From a judgment for defendant, plaintiffs appeal. Reversed in part, and affirmed in part.

J Howell Pugh, of Plaquemine, and Walter Lemann, of Donaldsonville, for appellants. Borron & Wilbert, of Plaquemine, and Albin Provosty, of New Roads, for appellee.

BREAUX, C. J. [1] Plaintiff and his wife brought this suit for judgment in the sum of $20,050, against the defendant, alleged slayer of their son, William Le Roy Register, on the 10th day of October, 1908. To this action defendant pleaded an exception of no cause of action. This was pleaded on the 15th day of May, 1909. The exception was overruled. The defendant filed his answer, a general denial. Afterward the cause was called for trial before the court and jury on the 11th of April, 1911. The trial was proceeded with and resulted in a verdict of nonsuit. Just at the beginning of the trial plaintiff offered testimony, to the introduction of which the defendant objected on the ground previously urged in the exception, which had been overruled, that it was not alleged in plaintiffs' petition that plaintiffs' son was not married, and had no children. The statute under which the action was brought provides that

the father and mother may sue in default of a widow and children of the deceased. That conditional provision of law was interpreted in Blackburn v. La. Ry. & Nav. Co., 128 La. 319, 54 South. 865, in which it was held that the averment that there were no widow and children of the deceased was essential to maintain the action.

[2] The court changed its ruling from what it had been when it overruled the exception and held in accordance with the cited case, and excluded the testimony.

One of the grounds taken by the plaintiffs was that the court was concluded by the overruled exception not to reject the testimony.

We can only hold that it was still in the power of the court to recall the prior erroneous ruling and reject the testimony offered on the ground that the petition of plaintiffs did not aver a cause of action.

[3] Just at that time, which was too late in the discretion of the lower court, as the case was then before the jury, plaintiffs offered to amend their petition. The court declined to allow the amendment for the reason just above stated.

The court could, within its discretion, refuse to permit the amendment as presented too late. See decision cited above.

[4] The next point is whether plaintiffs can recover damages in their own right without regard to the suffering and death of their son. By provision of Act 120 of 1908, the last paragraph, the father and mother may recover damages sustained by the death of their child. Their own loss may afford ground for damages, but they have no right to recover exemplary damages.

The case is remanded in order that parties may be heard in regard to plaintiffs' suffering and loss, and whether they are entitled to damages, and how much. In other respects the judgment is affirmed, appellee to pay costs of appeal.