W. K. Wetherill & Co., Appellant, *v.* Scheffel.

Argued October 10, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*J. Lawrence Wetherill,* for appellant.

*Milton M. Bennett,* for appellee.

OPINION BY RHODES, J., March 7, 1941:

This is an action in assumpsit on a written contract. The pleadings consisted of a statement of claim, an affidavit of defense and new matter, together with a rule for judgment. The rule for judgment was discharged. The case was tried before JONES, J., without a jury. The court found for the defendant. A motion for new trial was filed by plaintiff and dismissed. Judgment for the defendant was entered on the finding. Plaintiff has appealed.

Plaintiff's statement of claim set forth an agreement in writing between the parties. The agreement on its face and by its terms was one of bailment. Therein plaintiff is called "lessors" and defendant "lessee." It was dated May 7, 1938, and provided "that the lessors have this day leased upon the terms, rental and for the time herein specified to the lessee" a Nash automobile. It further provided that the total rental of the automobile and equipment was $7.50, and that the lessee agreed to pay the lessors $7.50 in one installment at the office of the lessors on the 7th day of July, 1938. A number of covenants and conditions were printed on the reverse side of the agreement, and made a part thereof. Among them was that the title to the automobile remain in the lessors and their assigns; that the lessee at the expiration of said term shall return the automobile to the lessors in as good condition as when received by the lessee, ordinary wear and tear

from careful use excepted; and that the lessors shall have the right to repossess the automobile under the conditions enumerated, and thereupon shall have the right to enforce payment of all or any installments of rent remaining unpaid during the whole term. On the face of the agreement and just above the signatures was inserted the following: "Lessee will purchase car during term of lease for $350."

Plaintiff delivered the automobile to defendant, and repossessed or received return of the same on July 14, 1938, seven days after the expiration of the term. Defendant paid no rental. Plaintiff sold the automobile at private sale for $175, on October 30, 1938, without notice to defendant. On November 30, 1938, plaintiff instituted suit against defendant to recover the sum of $202.50. Plaintiff's statement of claim set forth the following:

"4. The defendant failed to pay the rental of the said automobile and by reason of the said default, under the terms of the said lease, the plaintiff was obliged to seize the said automobile and possess themselves of the same and was obliged to pay out the sum of $3 for storage and $24.50 for the repairs to the automobile making a total amount due under the said lease, together with the repairs and storage, of $377.50."

Plaintiff does not claim that the automobile was in any different condition when returned to plaintiff than when received by defendant. Nor does the plaintiff's statement aver any other loss sustained as a result of defendant's conduct as lessee. Plaintiff gave defendant credit for the price realized from the sale of the automobile, to wit, $175, leaving the balance claimed of $202.50.

By stipulation of counsel, after the trial of the case, it was agreed that the contract was a conditional sales contract, and not a bailment lease. Notwithstanding this stipulation the written instrument upon which suit

was begun is on its face and by its terms clearly a bailment lease, and must be so considered. It leases the automobile to defendant for a definite term, for which he is to pay a stipulated rental, and it provides for the return of the automobile to plaintiff, the lessors, at the expiration of the term. See *Rieker v. Koechling,* 4 Pa. Superior Ct. 286; *General Motors Acceptance Corporation v. Hartman et al.,* 114 Pa. Superior Ct. 544, 553, 174 A. 795.

Plaintiff's contention that the Conditional Sales Act of May 12, 1925, P. L. 603, as amended, 69 PS §361 et seq., does not apply to contracts between buyer and seller and if it does the act is unconstitutional, requires no consideration.

Defendant acquired no title to the automobile, but merely had possession of it as lessee under the bailment lease, and plaintiff's rights as lessors were not affected by the clause inserted. In fact, plaintiff exercised its right to retake the automobile at the end of the term, but it now takes the position that its recovery is not limited to the rental stipulated, but that it may recover the purchase price. In its brief plaintiff says: "On the face of this written contract, it is a lease agreement. The admitted facts show that the automobile covered by this agreement, was delivered to the defendant. The agreement provided that the defendant should pay within one month $350. It is admitted that he failed to do this. The automobile was seized by the plaintiff because of this default and was sold for $175."

Plaintiff's position, as stated at the trial, was that it was not even obliged to give defendant credit for $175, the proceeds of the sale of the car after it was repossessed, but that under the lease it had a right, after it had been retaken from defendant or returned by him after the expiration of the term, to sell it, keep the proceeds, and still recover from defendant in full as claimed. In our opinion plaintiff had no such exten-

sive rights under the agreement, the essential character of which was to make it one of bailment between the parties. See *Ott v. Sweatman,* 166 Pa. 217, 31 A. 102. It may have been intended that defendant would purchase the automobile within the rental period for $350, but his failure to do so does not confer upon plaintiff a right under the lease to recover as rental the proposed purchase price.

Section 1 of the Conditional Sales Act, supra, as amended, 69 PS §361, provides: "In this act 'conditional sale' means any contract for the sale of goods under which possession is delivered to the buyer and the property in the goods is to vest in the buyer at a subsequent time upon the payment of part or all of the price or upon the performance of any other condition or the happening of any contingency."

In a conditional sale when the buyer performs the conditions of the sale his title becomes absolute.

In the case of a bailment the bailee receives possession but not title to the goods for a particular purpose and usually on an agreement to redeliver them to the bailor after the purpose has been fulfilled (see *Stiles et al. v. Seaton et al.,* 200 Pa. 114, 118, 49 A. 774), while in a conditional sale possession is delivered upon an agreement to sell and buy, the property in the goods to remain in the seller until the payment of the price or the performance of some condition.

A fundamental distinction between a bailment lease and a conditional sales contract is that in the one the parties stand in the relation of lessor and lessee, and in the other of buyer and seller. The fact that a bailment lease may have some of the characteristics of a conditional sale agreement does not require that it be construed as such between the parties, if, by its terms, it is clear that it is a lease, and the relationship of lessor and lessee is established.

All the terms required to make the instrument in

the present case a bailment lease are found therein; there is a definite rental, a fixed term, and the return of the property provided. *Stern & Company v. Paul et al.,* 96 Pa. Superior Ct. 112, 116. The terms of the lease are clearly set forth, and there is only added the clause relative to the purchase of the automobile. This is the only language in the agreement upon which it could be contended that the contract was anything but a bailment lease.

To make a sale and at the same time constitute the buyer a bailee of the seller to hold the property until it is paid for is an attempt to accomplish what cannot be done. The two things are incompatible and cannot coexist. The transaction here, as far as plaintiff is concerned, has the appearance of seeking to have at least the advantage of a sale and at the same time retaining the security of a bailment.

Possession having been delivered to defendant under the contract, if the payment of the purchase price was all that remained and to the payment of which defendant was obligated, plaintiff could have sued defendant for the purchase price. Clearly, this was not the real intention of the parties, as plaintiff acted as though no title had passed, and repossessed the property. When plaintiff repossessed the automobile the bailment was terminated, and its right of action against defendant was limited to the terms of hiring.

Plaintiff could not retake the automobile and at the same time demand payment of the purchase price. It may recover for the unpaid rental of $7.50 (*Auto Security Co., Inc., v. Canelli,* 80 Pa. Superior Ct. 43; *Rome Sales & Service Station v. Finch,* 120 Pa. Superior Ct. 402, 407, 183 A. 54); but it has made no such claim in this action.

Judgment of the court below is affirmed.