## Costanzi v. The Travelers Indemnity Co.

Before Hoban, P. J., Robinson and Nealon, JJ.

*John W. Bour* and *Ernest D. Preate,* for plaintiffs.

*Hugh J. McMenamin,* for defendant.

ROBINSON, J., April 18, 1962.—This is an action in assumpsit to recover under medical payment clauses in a "Family Automobile Policy" issued by The Travelers Indemnity Company to plaintiff, John Costanzi. Plaintiffs are father and minor daughter, Elaine Costanzi, but the action presents only one claim. The amount, $550, is not in dispute.

The case was tried by the court without a jury and the facts stipulated. Both sides moved for binding instructions and the trial judge entered a directed verdict for plaintiffs. A rule issued to show cause why judgment n. o. v. should not be entered for defendant.

The insurance issued March 1, 1959, to John Costanzi underwriting his liability for property damage and personal injuries arising from the operation of his automobile. In addition, the policy contained medical payment, disability and death benefits. The only clause involved in the litigation is that providing for medical payment benefits to the insured and relatives in his household in the event of injury by an automobile.

Coverage of Elaine Costanzi and the claim is conceded, the single question being whether defendant is responsible under "other insurance" conditions in the policy. Defendant, hereinafter referred to as Travelers, contends that since the injury to Elaine Costanzi occurred while she was in a non-owned automobile, its liability for medical payments under the policy is only coverage in excess of other valid and collectible medical benefits on the risk.

Elaine Costanzi received personal injuries on February 12, 1960, while she was a passenger in an automobile operated by one Norman Woyshner which was involved in an accident at the intersection of Pear Street and Pittston Avenue in the city of Scranton. Because of her injuries, she and her father incurred reasonable and necessary medical expenses amounting to $1,014.33. Woyshner was insured by a "Century Auto Policy" issued by the Nationwide Mutual Insurance Company, hereinafter referred to as Nationwide. Elaine Costanzi made claim against Woyshner and Nationwide settled the same under clause "C" of its policy. Clause "C" covered Woyshner's liability. The settlement, in the amount of $2,200, included special damages and pain and suffering and plaintiffs gave Woyshner a general release of all claims.

Clause "D" of the Nationwide policy contained a "Family Compensation" feature insuring, among other things, the medical expenses of any person injured in an accident arising from the use of the Woyshner

vehicle. It is stipulated that the payment to plaintiffs was not made under this clause.

The pertinent portions of the Travelers policy read as follows:

"Part II. Expenses for medical services.

"Coverage C-Medical Payments.

"To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:

"Division 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury', caused by accident, while occupying or through being struck by an automobile."

This provision forms the basis of plaintiffs' claim and coverage of the parties and the risk is conceded.

Defendant contends, however, that under the conditions of the Travelers policy its coverage is excess to other medical payments insurance in the loss.

Defendant relies on condition 24 which reads in part: "Other insurance. Part II. If there is other automobile medical payments insurance against a loss . . . the insurance with respect to a temporary substitute automobile or non-owned automobile shall (be) excess insurance over any other valid and collectible automobile medical payments insurance."

Defendant asserts that the medical payment features in the Nationwide policy issued to Woyshner constitutes "other insurance" under the terms of condition 24 in the Travelers policy. "Coverage D" in the Nationwide policy is entitled "Family Compensation." This reads in part as follows: "To pay, in accordance with the schedule below and subject to the execution and delivery of a complete release of the

liability of the Company and all persons entitled to the protection of this policy under Coverage C(2), hereinafter called Insured, irrespective of such liability, to or for the benefit of: (1) any person who suffers bodily injury, sickness, disease or death by reason of any accident arising out of the ownership, maintenance or use of the described automobile." The family compensation schedule referred to provides medical payments not to exceed $2,000, and also disability and death benefits. Coverage C in the Nationwide policy relates to claims for which the insured would be legally liable.

The pivotal question is whether the medical payment benefits in the Nationwide policy is "other valid and collectible automobile medical payments insurance" within the meaning of condition 24 in the Travelers policy. Other insurance exists only when there are two or more insurance policies covering an identity of interest, subject matter and risk: Blue Anchor Overall Co. v. Pennsylvania Lumbermens Mutual Insurance Company, 385 Pa. 394. The provisions of both policies are clear and unambiguous, requiring no interpretation. The medical payment aspect of both the Travelers and Nationwide coverages are sufficiently similar so that we would have no difficulty in holding that had plaintiff's settlement been effected under the Nationwide medical payment coverage the payment would have made the Travelers coverage excess insurance. There is no need to amplify this point as it has been correctly established by two decisions in the courts of other counties. In Lewis v. Travelers Indemnity Co., 26 D. & C. 2d 69, and Popp v. Harleysville Mutual Casualty Co., 20 D. & C. 2d 561, it was held that actual payment under the Nationwide and similar medical payment coverage operated as "other insurance" to render the Travelers like coverage excess insurance only. We agree with the rulings of these cases.

But it must be noted that plaintiffs here did not proceed under the medical payment provisions of the Nationwide policy. They sought redress against Woyshner as a tort-feasor and released him generally when the tort claim was settled. This release also discharged Nationwide's obligation to pay medical benefits. There was then no other automobile medical payment insurance available to render Travelers medical payment feature excess insurance.

· Defendant contends that medical payments benefits were available had plaintiffs refrained from proceeding against Woyshner as a tort-feasor. The argument carries its own refutation since the coverage in the Nationwide policy was not absolute. It became available only if plaintiffs released Woyshner of tort liability. The Nationwide coverage did not underwrite both Woyshner's liability and plaintiffs' medical expense; it was designed only to pay one or the other. To secure the Nationwide medical payments the minor plaintiff would be required to forego redress as a victim of Woyshner's negligence. The Travelers coverage, however, does not require the injured person to give up anything.

My colleagues, President Judge Hoban, and Judge Nealon, consider that the verdict should be sustained on the foregoing reasoning without more.

Nevertheless, it seems to the writer that the medical payment undertaking in the Nationwide policy when thoroughly understood is not in itself "valid and collectible other insurance" or indeed insurance at all. The general nature of insurance is contractual: 29 Am. Jur. Insurance, §183. Insurance is a contract of indemnity or an agreement to pay a sum of money on the death of a person or his attaining a specified age: Commonwealth v. Metropolitan Life Insurance Company, 254 Pa. 510; Montgomery County v. Ambler-Davis Co., 302 Pa. 333; First National Bank of Jessup

v. Cappellini, 149 Pa. Superior Ct. 14. A contract, of course, is a promise for the breach of which the law gives a remedy: Restatement, Contracts, §1; 1 Williston on Contracts, §1.

Medical payment and similar benefits have been incorporated into modern automobile liability policies by insurers who, for additional premiums, agree to pay, to a specified class of persons, reimbursement for medical expenses incurred as a result of an accident involving the insured automobile. The coverage is independent of and unconnected with the insured's liability. It is separate accident insurance for the benefit of the persons covered by the policy. Such insurance is a contract for the benefit of a third person who is generally entitled to the reimbursement regardless of redress for the insured's negligence: Severson v. Milwaukee Auto Ins. Co., 265 Wis. 488, 61 N. W. 2d 872, 42 A. L. R. 2d 983. The medical payment coverage in the Travelers policy was squarely of this type; the Nationwide coverage was not

Generally the promise of an insurer is aleatory, that is, one conditioned upon the happening of a fortuitous event: Restatement, Contracts, §291. All that is necessary to perfect the obligation of the insured to pay the agreed indemnity is the happening of the event. That is not true of the Nationwide "Family Compensation" coverage here. Nationwide's obligation to pay medical benefits was not dependent on the happening of the contemplated fortuitous event; it had no obligation in respect to medical payments until the injured person agreed to the release of its insured's tort liability.

Nationwide's medical payment coverage properly understood, therefore, was not a contract with its insured for the benefit of a third person and neither was its promise truly aleatory. Nationwide's commitment amounted to no more than a promise to its insured that in the event of an accident it would offer to

pay the medical expenses of the injured person if such person would forebear to sue the insured and release him from all liability. That offer ran to and required acceptance by the injured person. Until it was accepted Nationwide had no obligation to pay medical benefits. The factor which really distinguishes the cases of Lewis v. Travelers Indemnity Co., and Popp v. Harleysville Mutual Casualty Co., supra, from the one at bar lies not in the fact of actual payment of medical benefits but rather that the offers of the insurance carriers were accepted by the victim of the accident. That is not true here; hence, no binding promise required Nationwide to pay medical benefits. The unaccepted offer was not insurance.

Now, April 18, 1962, defendant's motion for judgment n. o. v. is denied. Exception allowed defendant.