## Stewart v. State Farm Mutual Automobile Insurance Co.

*George R. Eves*, for plaintiff.

*Robert I. Cottom*, for defendant.

READINGER, J., March 28, 1963.—On June 15, 1961, plaintiff, Milton E. Stewart, filed a complaint against defendant, State Farm Mutual Automobile Insurance Company, claiming the sum of $1,326.35 on a certain policy of automobile insurance issued by defendant.

The parties, through their counsel, by a written agreement filed of record, waived arbitration and agreed to try the said cause before a judge without jury. The case has been tried before the writer of this opinion, requests for findings of fact and conclusions of law have been filed by defendant, briefs of argument submitted, the matter argued, and it is now before us for decision.

### Pleadings and Issue

The pleadings are:

1. Plaintiff's complaint.
2. Defendant's answer and new matter.
3. Plaintiff's reply to new matter.

The issue is whether certain medical payments insurance provided for in defendant's policy is payable to plaintiff.

## Findings of Fact

From the testimony taken at trial, the admitted portions of the pleadings, and the stipulations of counsel, the trial judge makes the following findings of fact:

1. Plaintiff, Milton E. Stewart, is an individual residing at R. D. No. 2, Douglassville, Berks County, Pennsylvania.

2. Defendant is State Farm Mutual Automobile Insurance Company, a mutual insurance company of Bloomington, Illinois, engaged in business in the Commonwealth of Pennsylvania with an office at 217 North Sixth Street, Reading, Berks County, Pennsylvania.

3. On September 2, 1959, defendant had in full force and effect a policy of insurance no. 223 216-A-7-38 which insured plaintiff, Milton E. Stewart, under coverage "C" of said policy in the amount of $1,000 for each person.

4. On said date, plaintiff's two sons, James Stewart and Glenn Stewart were passengers in a certain motor vehicle driven and operated by one John Douglas Badrow, and as a result of an accident occurring to said vehicle, plaintiff, Milton E. Stewart, was obliged to expend the sum of $2,643.51 for hospital and medical care of the said James Stewart as the result of injuries sustained by him arising out of said accident.

5. Also as the result of said accident, Glenn Stewart sustained injuries for which plaintiff was obliged to expend the sum of $326.35 for hospital and medical care of said son.

6. Coverage "C" of defendant's policy referred to above, was subject to certain conditions, the pertinent one reading:

"Under coverages C and M with respect to bodily injury to any person while occupying or through being

struck by the described automobile, the amount payable shall not be reduced on account of the existence of other insurance. *In all other cases the insurance under coverages C and M shall be excess over any other collectible automobile medical payments insurance available to the injured person.*"

7. On the date of the accident, September 2, 1959, the said John Douglas Badrow, driver of the automobile, was covered by a policy of liability insurance issued by Nationwide Mutual Insurance Company. The Nationwide policy issued to Badrow provided the payment of certain medical expenses of anyone injured while riding in Badrow's automobile.

8. This Nationwide policy provided, in pertinent part, as follows:

"D. Family Compensation. To pay, in accordance with the schedule below and subject to the execution and delivery of a complete release of the liability of the Company and all persons entitled to the protection of this policy under Coverage C(2), hereinafter called Insured, irrespective of such liability, to or for the benefit of:

(1) any person who suffers bodily injury, sickness, disease or death by reason of any accident arising out of the ownership, maintenance, or use of the described automobile. . . . Payments to or for the benefit of any one person made either under D(1) or D(2) above shall discharge all liability of the Company for Family Compensation Insurance to that person under this or any other policy. There shall be no liability under this coverage to any one who has (1) failed to execute and deliver a complete release of the liability of the Company and the Insured within fifteen months of the date of the accident, or (2) executed any other release of the liability of the Insured for such injury, sickness, disease or death, or (3) filed suit for damages against the insured for such injury, sickness, disease or death."

9. Said Section D, in pertinent part, continues under the title Family Compensation Schedule, with the words:

"All reasonable expenses for medical, dental or surgical treatment, ambulance, hospital, professional nursing and prosthetic devices, incurred within one year following the accident and caused by it, not to exceed in total for any one person: $2,000.00."

10. The entire claim asserted by plaintiff in this accident is based upon injuries suffered by his two sons within a period of one year from the date of the accident.

11. No release of the liability of John Douglas Badrow or Nationwide Mutual Insurance Company was executed and delivered by plaintiff within the period of 15 months from the date of the accident.

12. On December 30, 1960, plaintiff, as parent and natural guardian of his minor sons, instituted an action against Badrow by the filing of a praecipe for a writ of summons. Five days thereafter, a petition to compromise this action was filed and approved by the court, under which approval Nationwide paid to plaintiff the sum of $3,974.26, representing reimbursement for medical expenses for Glenn Stewart in the amount of $326.35, and reimbursement for medical expenses of James Stewart in the amount of $2,647.91 (there is a discrepancy of $4.40 between this amount and the sum of $2,643.51 which plainitff was obliged to expend for hospital and medical care of his son, James Stewart, this discrepancy being immaterial for the purpose of this opinion), plus future medical expenses for James Stewart in the amount of $1,000.00.

13. Defendant has always been ready, willing and able to pay unto the plaintiff such medical expenses as he incurred for each of his sons as exceeded $2,-000.00, up to a maximum of $1,000 each, upon due proof of the same being made by plaintiff to defendant.

### Discussion

Plaintiff's argument that defendant is liable to him in the sum of $1,326.35 is twofold.

The first contention is that the coverage available to him under the Nationwide policy was not "other insurance", thereby bringing it within the conditions as set forth under Finding of Fact No. 6. He argues that in the usual insurance terminology "other insurance" means similar or identical insurance covering the same risks and same losses. He cites no authority in support of this contention and we do not agree with it. Defendant cites Lewis v. The Travelers Indemnity Co., 26 D. & C. 2d 69, 77, to refute this, and we agree with Judge McKay when he states:

"We recognize that there are certain differences between ordinary medical expense insurance and the novel provision for family compensation contained in the Nationwide policy. We cannot escape the conclusion, however, that regardless of whatever else the Nationwide policy provides, it comprises a provision for 'automobile medical payments insurance' which in the present case is both 'valid and collectible', and, hence it constitutes 'other valid and collectible automobile and medical payments insurance' within the terms appearing in condition 20."

The second contention of plaintiff is that the Nationwide coverage was not "available" to plaintiff, in the usual and normal meaning of the word, for the reason that in order to make it available to him it would have been necessary for him to release his entire right of action in tort against the Nationwide insured in order to obtain payment. Our problem therefore resolves itself into the proper construction of the meaning of the word "available" in defendant's policy.

Neither the research of counsel for plaintiff or defendant, nor our own, has disclosed any cases specifically in point.

Defendant cites Lewis v. Travelers Indemnity Co., supra; McDoal v. Yeomans, 8 Watts 361 (1839); Commonwealth v. Esayian, 182 Pa. Superior Ct. 146 (1956); Flagg v. Puleio, 105 Pa. L. J. Rep. 299 (1957) and 189 Pa. Superior Ct. 329 (1959); Grasberger v. Liebert and Obert, Inc., 335 Pa. 491 (1939); and Popp v. Harleysville Mutual Casualty Co., 20 D. & C. 2d 561 (1959), in support of his contention that the proceeds of the Nationwide policy were both "collectible" and "available" to plaintiff, and that therefore defendant's coverage was "excess" over the amounts which might have been demanded of Nationwide. The above cited authorities lead us to the conclusion that the Nationwide benefits were "collectible" by plaintiff, but in relation to the claim arising through the injuries to James Stewart, do not persuade us that they were "available" under a proper construction of that word as contained in defendant's policy.

Defendant argues, as to plaintiff's claim arising through the injuries to both sons, that the Nationwide monies were available to plaintiff because they were at his disposal and within his reach, and the fact that he did not choose to avail himself of his rights under the Nationwide policy does not change the contractual rights with defendant. Further, that the State Farm policy does not say that he must have availed himself of these monies but only that they were available to him, within his reach or at his disposal. Defendant further argues that if the State Farm policy was to mean what plaintiff would like it to mean, it should have used the word "collected", not the word "collectible", and should have used the words "availed of", not "available".

As the evidence does not show that plaintiff's claim as to Glenn Stewart ($326.35) was refused by Nationwide because of plaintiff's refusal to execute a complete release of Nationwide's liability for claims arising

through the injuries to both Glenn and James Stewart, it is our opinion that this sum was both "collectible and available" and that plaintiff cannot now collect the sum from defendant, the Conditions of defendant's policy (F.F. 6) making its coverage "excess" coverage.

However, it is our opinion that the contention of plaintiff, as to the claim arising through the injuries to James Stewart ($2,643.51 for hospital and medical care) should prevail, and we therefore hold that the Nationwide monies were not "available" to plaintiff within the meaning of that word in the State Farm policy. To hold otherwise would compel plaintiff to give up a valuable right against Nationwide in order to become eligible for any benefits under the medical payments insurance provisions of defendant in relation to these injuries. Nationwide actually paid to plaintiff the sum of $1,647.91 in excess of its liability of $2,000 under the Family Compensation Schedule, for the injuries to the said James Stewart. The cases cited by defendant, supra, are not in conflict with our determination of the question here involved. In all of them dealing with medical payments insurance it will be noted that such insurance had been been paid before the claim of "excess" was raised, or the party claiming had failed to take the proper legal steps to effect collection of such insurance prior to being confronted with the defense of "excess" insurance. In none of them did it appear that the claimant had been compelled to relinquish a valuable right in order to obtain the medical payments insurance.

In arriving at our judgment of the proper construction of the word "available" in the instant case, we are guided by Dzurko v. Pilot Life Insurance Co., 195 Pa. Superior Ct. 267, 270; "The law as to construction of insurance policies is well settled, that the policy will be construed most strongly against the insurer who has prepared it; it will be liberally construed in favor of

the insured. If any doubt or ambiguity appears as to the meaning of the policy, such doubt or ambiguity should be resolved in favor of the insured. It is also well settled that if the provisions of the policy are reasonably susceptible to two interpretations, it is to be so construed in favor of the insured: Blue Anchor Overall Co. v. Pa. L. Mut. Ins., 385 Pa. 394, 123 A. 2d 413 (1956). See 1 Goldin, The Law of Insurance in Pennsylvania, §237."

We are also aware of the fact that, as stated in Popp v. Harleysville Mutual Casualty Co., 20 D. & C. 2d 561, 566, "It is hornbook law that contracts of insurance, like other contracts, must receive a practical, reasonable and fair interpretation, consonant with the apparent object and intent of the parties. . . ."

To us it is apparent that defendant, in the preparation of its conditions, the pertinent parts of which is set forth in Findings of Fact No. 6, intended the words "automobile medical payments insurance" to have some meaning. It is our opinion that the meaning properly ascribed to these words is insurance payable to an insured person without regard to the question of legal liability of the insured to an injured person. To uphold the contention of defendant in this case would be tantamount to a rewriting of defendant's condition to read: "In all other cases insurance under coverages 'C' and 'M' shall be excess over any other collectible insurance available to the insured person." This we do not propose to do.

If the facts found in this case indicated, which they do not, that plaintiff was not entitled to recover from Nationwide any insurance benefits other than those provided under the Family Compensation Schedule, and that plaintiff deliberately chose to allow the period of 15 months to elapse, or filed suit against Nationwide, for the sole purpose of attempting to collect benefits from both Nationwide and defendant, our holding

would be otherwise. Here, however, we are dealing with a situation which clearly demonstrates the fact that plaintiff would have been compelled to give up a claim against Nationwide in the sum of $1,647.91 in order to render him eligible to recover from defendant in accordance with defendant's contention. In accordance with this opinion we therefore draw the following:

### *Conclusions of Law*

1. The coverage under the Nationwide policy issued to John Douglas Badrow was not, as to plaintiff's claim for injuries sustained by his son, James Stewart, "other collectible automobile medical payments insurance available" to him within the meaning of the terms of defendant's policy.

2. Defendant is liable to plaintiff for the medical expenses of James Stewart in the sum of $1,000.

3. Defendant is not liable to plaintiff for medical expenses of Glenn Stewart in the sum of $326.35.

4. Costs shall be paid by defendant.

### *Verdict*

And now, March 28, 1963, the court enters a verdict in favor of plaintiff and against defendant in the sum of $1,000, with costs.