## Burns, Appellant, *v.* Employers' Liability Assurance Corporation, Limited.

390

Argued March 8, 1965.   Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Gerald T. Sajer*, for appellant.

*William D. Boswell*, with him *Compton, Handler, Berman & Boswell*, for appellee.

OPINION BY HOFFMAN, J., April 15, 1965:

This is an appeal from a judgment by the court below denying plaintiff-appellant's motion and allowing defendant-appellee's motion for judgment on the pleadings.   There is no dispute as to the facts.

This case involves the medical payment provisions of an automobile insurance policy issued by appellee, The Employers' Liability Assurance Corporation, Ltd., to appellant, Robert K. Burns.   In this policy appellee agreed in PART II—EXPENSES FOR MEDICAL SERVICES— Coverage C—Medical Payments:

"To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, x-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services;

Division 1.   To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called

'bodily injury,' caused by accident, while occupying or through being struck by an automobile; . . .".

Under these provisions appellant was afforded medical expense coverage to a limit of $1000.

This coverage was qualified by a provision relating to "other insurance" which stated:

"If there is other automobile medical payments insurance against a loss covered by Part II of this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible automobile medical payments insurance; *provided, however, the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible automobile medical payments insurance.*" (Emphasis supplied)

Appellant's minor son was fatally injured while riding as a passenger in an automobile owned by Stephen A. Francia and operated by Vincent A. Francia. The Francias were insured under a policy issued by Aetna Casualty and Surety Company (Aetna) which provided, in addition to substantial liability coverage, medical expense coverage to a limit of $5000.[1]

---

[1] The Aetna policy states in part:

"AETNA CASUALTY will pay all reasonable medical expense incurred within one year from the date of accident for bodily injury caused by accident and sustained by . . .

(1) . . . .

(2) any other person while occupying

(a) the owned automobile, while being used by the named Insured or by any other person with the permission of the named Insured, . . . provided that no such payment shall be made unless the person to or for whom such payment is made shall have executed a written agreement that the amount of such payment shall be applied toward the settlement of any claim, or the satisfaction of any judgment for damages entered in his favor, against any

Appellant, as administrator of his son's estate and in his own right, instituted suit against the Francias under the Survival and Wrongful Death Acts. On appellant's petition, a settlement of this action was approved by the court.[2] This settlement included a payment of $1484.40 to the estate of appellant's son based on appellant's calculation of funeral and burial expenses.[3] Appellant had no other medical expenses.

Appellant and appellee stipulated in the court below that Aetna paid appellant under the liability provisions rather than the medical payment provisions of

---

Insured because of bodily injury arising out of any accident to which the Liability Coverage applies."

[2] The Order of the court states in part:

"5. Distribution of the total settlement amount of Ten Thousand Five Hundred ($10,500.00) Dollars is hereby directed as follows:

| | |
|---|---|
| Estate of Richard J. Burns, deceased, under the Survival Act | $ 1484.40 |
| Robert K. Burns, under the "Wrongful Death Acts" | 4507.80 |
| Claire F. Burns, under the "Wrongful Death Acts" | 4507.80 |
| Total | $10,500.00 |

\*   \*   \*   \*   \*   \*   \*   \*   \*

"7. Payment of the aforesaid sums shall constitute conclusive evidence of complete satisfaction of all claims and demands of whatsoever kind or nature of the Estate of Richard J. Burns, deceased, Robert K. Burns and Claire F. Burns against Vincent A. Francia and Samuel J. Francia arising from or as the result of the death of Richard J. Burns."

[3] The petition of the appellant states in part:

"9. By reason of the death of the decedent, funeral and burial expenses were incurred in the amount of Seven Hundred Fifty-Four Dollars and Forty Cents ($754.40) and expenses in the amount of Four Hundred ($400.00) Dollars were incurred for a burial lot and expenses in the amount of Three Hundred and Thirty ($330.00) Dollars were incurred for the purchase of a grave marker."

its policy. Accordingly, appellant now claims that appellee is liable to him under the medical payment provisions of its policy, since the Aetna medical payments insurance is no longer valid and collectible. Appellee contends, however, that the medical expense coverage under the Aetna policy was valid and collectible prior to the settlement, and that by this settlement appellant did receive burial and funeral expenses which constituted all of his medical expenses claim.

It is well established that an insurance policy is construed most strongly against the insurer who has prepared it. *Blue Anchor Overall Co. v. Pennsylvania Lumbermens Mutual Insurance Company*, 385 Pa. 394, 397, 123 A. 2d 413, 415 (1956); *Great American Insurance Company v. State Farm Mutual Automobile Insurance Company*, 412 Pa. 538, 541, 194 A. 2d 903, 905 (1963); *Varas v. Crown Life Insurance Company*, 204 Pa. Superior Ct. 176, 187, 203 A. 2d 505, 511 (1964). If reasonably susceptible to two interpretations, it is to be construed in favor of the insured in order not to defeat, without plain necessity, the claim to indemnity which it was the insured's object to obtain. *Blue Anchor Overall Co. v. Pennsylvania Lumbermens Mutual Insurance Company*, supra, p. 397; *Armon v. Aetna Casualty and Surety Company*, 369 Pa. 465, 468, 87 A. 2d 302, 303 (1952).

However, such insurance contracts must receive a practical, reasonable and fair interpretation consonant with the apparent object and intent of the parties at the time the contract was made. *Tennant v. Hartford Steam Boiler Inspection and Insurance Company*, 351 Pa. 102, 107-108, 40 A. 2d 385, 387 (1944); *Great American Insurance Company v. State Farm Mutual Automobile Insurance Company*, supra, p. 541.

The obvious purpose of the "other insurance" clause in appellee's policy was to limit appellee's obligations, in the event of an accident in a non-owned automobile,

to payments in excess of the car-owner's automobile medical payments insurance. Thus, if the car-owner had such insurance, the appellant would be bound initially to seek medical expense payments to the limit of that policy. In this case, such automobile medical payments insurance was clearly contained in the Aetna policy.[4]

Appellant had the opportunity to elect reimbursement for his medical expenses under either the liability or the medical payment provisions of the Aetna policy. We reject the notion that by the simple expedient of identifying a medical payment as originating from liability rather than from medical expense coverage, appellant succeeded in creating in himself the right to receive double medical expense payments. We agree, rather, with the statement of the court below that "when the plaintiff asked for and accepted payment for funeral and burial expenses in the manner in which he did, the medical payments coverage was valid and collectible." The "other insurance" clause in appellee's policy was designed to protect against just such a contingency.

Appellant cites two cases, *Costanzi v. Travelers Indemnity Co.*, 28 Pa. D. & C. 2d 281 (1962), and *Stewart v. State Farm Mutual Automobile Insurance Co.*, 31 Pa. D. & C. 2d 365 (1963), in support of his position. While we are not bound by the holdings in those cases, the distinguishing factors in them point out clearly the weakness in appellant's own argument. In both *Costanzi* and *Stewart*, the injured party was required to forego completely any further claim to liability payments before receiving payments under the car-owner's

---

[4] "Other insurance" exists when there are two or more insurance policies covering the same interest and subject matter and protecting against the same risk. *Blue Anchor Overall Co. v. Pennsylvania Lumbermens Mutual Insurance Company*, supra, p. 398, and cases cited therein.

medical payments coverage. Since the plaintiffs would have been compelled to relinquish the valuable right of redress as victims of the defendants' negligence, the courts there held that the medical payments were not truly collectible.

The Aetna policy, however, does not compel appellant to choose between his medical coverage and his liability coverage. The only restriction placed on the appellant is to agree in writing to apply any such medical payments toward the pro tanto reduction of any subsequent liability claim. The obvious reason for this provision was to protect Aetna against double payment for medical liability. We cannot agree that requiring appellant to recover only a single medical payment under either the liability or the medical coverage, without further prejudice to appellant's liability claim, constitutes the loss of a substantial right as in *Costanzi* and *Stewart*.

We similarly reject appellant's contention that the medical payments were never valid and collectible under the Aetna policy because he never executed Aetna's required written agreement.[5] Since by the terms of the court-ordered settlement Aetna relieved itself of any such duplicative medical expense claims, the execution of this written agreement would have been superfluous.

The stipulation by the parties in the court below that the payment was made under Aetna's liability coverage provision is not controlling in light of these circumstances. Such stipulations are not binding on us if the facts presented are clearly otherwise. *W. K. Wetherill & Co. v. Scheffel*, 144 Pa. Superior Ct. 165, 167-168, 18 A. 2d 680, 681 (1941). Here, appellant was afforded collectible medical payments insurance, was fully reimbursed for his medical expenses, and exe-

---

[5] See note 1, supra.

cuted a release of his claim under that coverage. He can ask for no more.

Order and judgment affirmed.