**Beverly DRUMMOND, Plaintiff,**

v.

**Charlene WALKER, et al., Defendants.**

**Civ. A. No. 85–619.**

United States District Court,
District of Columbia.

July 22, 1986.

Joseph H. Koonz, Jr., Carolyn McKenney, Roger C. Johnson, Mark J. Brice, Washington, D.C., for plaintiff.

Charlene Walker, pro se.

Donald S. Johnson, Michael T. O'Bryant, Washington, D.C., for Kenneth Scott.

John E. Powell, Rockville, Md., for Americar and Corporate Fleet.

## MEMORANDUM OPINION

STANLEY S. HARRIS, District Judge.

This matter is before the Court on the motion of defendants Americar Rental System (Americar) and Corporate Fleet Managment, Inc. (CFM) for summary judgment. The Court finds that both of these defendants are entitled to summary judgment.[1]

This action arises out of a car accident which occurred early in the morning on August 6, 1984. Plaintiff alleges that defendant Kenneth Scott, while driving a car rented from defendant Americar, fell asleep at the wheel and struck a guardrail on Route 70 near Hagerstown, Maryland. Plaintiff, a passenger in the car, suffered facial injuries in the accident.

Scott did not actually execute the rental agreement for the car. Defendant Char-

---

1. In their motion, defendants ask for summary judgment as to Counts II, III, and IV of the complaint. The Court notes that Count I of the complaint, which focuses primarily on defendant Kenneth Scott's negligence in operating the vehicle in question, does mention Americar. The Court concludes, however, that Count I fails to state a cause of action against Americar for negligence, and thus does not serve to keep Americar as a party to this action.

lene Walker rented the car for Scott on August 2, 1984, because Scott lacked the appropriate identification and credit necessary to rent the car. When Walker rented the car, the Americar manager gave the keys to Scott, who drove the car away from the Americar lot. Walker never took possession of the car.[2]

In Count II of her complaint, plaintiff alleges that Americar is liable for her injuries by virtue of Americar's negligent entrustment of the car to Scott. She contends that the entrustment was negligent because Scott lacked proper identification and did not possess a credit card. Plaintiff further suggests in her opposition to the instant motion that Americar was negligent in entrusting the car to Scott whom they knew to be slightly under 21 years of age. Americar has a policy of not renting to drivers under 21 years.

In Counts III and IV, plaintiff alleges that defendants Americar and CFM are liable for her injuries through the negligent acts of their agents. Plaintiff argues that Scott and Walker were Americar's agents by virtue of the rental agreement. Plaintiff also contends that CFM, who supplies rental cars to Americar, is liable for Americar's negligence by virtue of the contract between them.

The Court concludes that summary judgment must be granted as to each of these counts. Only Count I of the complaint, alleging negligence on the parts of defendants Walker and Scott, remains.

### Count II: Negligent Entrustment

Even if Americar's employees knew that Scott would be driving the car, that he lacked proper identification and credit, and that he was under 21 years of age, such knowledge would still be insufficient to establish a prima facie case of negligent en-

trustment. One liable for negligent entrustment is

■ne who supplies, directly or through a third person, a chattel for the use of another, whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others ... is subject to liability for physical harm resulting....

RESTATEMENT (SECOND) OF TORTS § 390 (1965).

■ Generally, negligent entrustment of a vehicle to an incompetent driver is imposed only where the owner entrusts the vehicle to one whose appearance or conduct is such as to indicate his incompetency or inability to operate the vehicle with care. In order to impose liability in other cases, where the incompetency of the driver is not apparent to the owner of the vehicle at the time of the entrustment, it must be affirmatively shown that the owner had at that time knowledge of facts and circumstances which established the incompetency of the driver. 60A C.J.S. Intrusting Vehicle to Incompetent Driver § 431(1) (1969).

The negligent entrustment rule is considered a harsh rule because it imposes liability on an owner for the negligence of a driver over whose conduct he is unable to exercise the slightest degree of supervision or control. *Bailey v. Simon*, 199 So. 185 (La.Ct.App.1940); C.J.S. *supra*. Its application has, therefore, been held limited to situations where the owner had knowledge that the driver did not know how to drive, *Bailey, supra*; was physically or mentally incapable of operating a motor vehicle, *Bailey, supra*; was intoxicated or who had the habit of becoming intoxicated, *Chalmers v. Harris Motors, Inc.*, 104 N.H. 111,

---

**2.** Americar and CFM have cited Fed.R.Civ.P. 37(b)(2)(A) and (B) in requesting that the facts asserted in defendant Scott's and Walker's affidavits not be considered because Scott and Walker failed to appear for a deposition. The Court finds that defendants are not entitled to have the affidavits removed from consideration.

When the discovery procedure is initially set in motion by the parties themselves with-

out a court order, the party seeking discovery must first obtain an order under 37(a) requiring the recalcitrant party or witness to make the discovery sought; it is only a violation of this order that is punishable under Rule 37(b). 8 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE §§ 2282 and 2289 (1970); *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1341 (8th Cir.1975).

179 A.2d 447 (1962); or was a minor with a record of reckless driving, *Rounds v. Phillips*, 166 Md. 151, 170 A. 532 (1934).

In order for defendant Americar to be liable for negligent entrustment it would have to be established that defendant Scott belonged "to a class which is notoriously incompetent to use chattel safely" and that his incompetency was the proximate cause of plaintiff's injury. *See Laughlin v. Rose*, 200 Va. 127, 104 S.E.2d 782 (1958). None of the facts presented by plaintiff, even if known by Americar, would indicate that Scott belonged to a notoriously incompetent class. The fact that Scott was under the age of 21, or lacked adequate identification or credit does not reflect directly on his ability to operate a car competently. Americar would not be on notice by virtue of these facts that Scott was not a safe driver. Therefore, Count II must be dismissed.

*Counts III and IV: Agency*

■ Similarly, Counts III and IV must also be dismissed. The rental of a car creates a bailment relationship between the parties. *See Frank Nero Auto Lease, Inc. v. Townsend*, 64 Ohio App.2d 65, 411 N.E.2d 507 (1979); *W.K. Wetherill & Co. v. Scheffel*, 144 Pa.Super.Ct. 165, 18 A.2d 680 (1941). Neither the relationship between Americar and Walker and Scott, nor the relationship between CFM and Americar, entailed sufficient control over the agent by the principal to create an agency relationship. *See* RESTATEMENT (SECOND) OF AGENCY § 1 (1958).

Consequently, Counts II–IV of the complaint are dismissed with prejudice. This action is dismissed with prejudice as to Americar and CFM. An Order to this effect accompanies this Memorandum Opinion.