Dauphin Deposit Trust Company, Appellant, *v.* World Mutual Health and Accident Insurance Company of Pennsylvania.

Argued March 8, 1965; reargued June 15, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, FLOOD, JACOBS, and HOFFMAN, JJ.

*William J. Madden, Jr.,* for appellant.

*W. H. Clay Keen,* for appellee.

OPINION BY HOFFMAN, J., September 16, 1965:

Appellant, the insured, on July 5, 1960, applied to the appellee-insurance company for a health and accident insurance policy. The terms of the policy provided that the company would pay certain hospital expenses together with an indemnity of $100 weekly during the period of any hospital confinement. On March 7, 1961, the insured applied for an additional policy on the same terms. The company issued both policies

without requiring a medical examination of the insured.

The insured suffered a cerebral hemorrhage on October 27, 1961. She was admitted to the Harrisburg Polyclinic Hospital on November 2, 1961, and was still confined in a rest home at the time of trial.

The insured applied for benefits under the policies. The company refused to pay these benefits, claiming that the insured's sickness was not covered, because it did not commence or was not contracted during the term of the policies.[1] Both policies specifically provided that " 'Sickness' wherever used in this policy means sickness or disease contracted and commencing during the effective term of the insurance hereunder."

The insured brought an action in assumpsit against the company to collect benefits under the policies. During the trial, no evidence was adduced by either party which could establish when the sickness first commenced. The trial court decided that the burden was upon the company to prove that the sickness originated prior to the effective dates of the policies. Consequently, it directed the jury to return a verdict for the insured. After further consideration, however, the court set aside the verdict and ordered a new trial.

The court recognized that if the provisions relating to pre-existing sickness were drafted as specific exclusions or exceptions, any defense based on them would be affirmative in nature, and the burden of proof would be upon the company. *Armon v. Aetna Casualty & Surety Company*, 369 Pa. 465, 468-469, 87 A. 2d 302, 304 (1952). It concluded, however, that these provisions were conditions precedent in the policy, and, therefore, the burden should be upon the insured to

---

[1] The company also alleged fraud in its pleadings. It conceded on appeal, however, that it had not met the burden of proving such fraud. Accordingly, this allegation need not be discussed by us.

establish that her sickness commenced after the effective date of the policies.

The insured contends on appeal that since the company waived the requirement of a medical examination, it should not now be permitted to place the burden of proving prior good health upon the insured.

The single question to be resolved is this: In the instant hospitalization and disability policies, is the burden of proving the date of origin of the sickness or disease on the insured or on the company? If the burden is on the company, the directed verdict was not in error for the company did not attempt to sustain the burden of such a defense. If the burden is on the insured, it was error to direct a verdict for her, and the new trial was properly ordered.

After carefully examining both policies, we conclude that the provisions relating to pre-existing sickness should be interpreted as exclusions or exceptions to the policies,[2] by reason of the language in the applications for insurance. We are not bound by the conclusions of law of the lower court that these were conditions precedent, but may draw our own inferences and reach our own conclusions. *Williams v. H. E. Stoudt & Son, Inc.,* 404 Pa. 377, 379, 172 A. 2d 278, 279 (1961).

The lower court failed to consider closely the language contained in the two applications for insurance which were attached and specifically made part of the policies. The applicable portions state: "Do you hereby apply to the World Mutual Health and Accident Ins. Co. of Penna. for a policy based on the understanding that *the policy applied for does not cover conditions originating prior to the date of insurance . . ."*

It is clear to us that this language is written as a specific exception or exclusion to the policy. Compare the exclusions and exceptions in the insurance policies

---

[2] Accordingly, we do not reach the more difficult issue which has been raised by the insured on appeal.

in the following cases: *Weissman v. Prashker*, 405 Pa. 226, 232, 175 A. 2d 63, 67 (1961); *Rosner v. Zurich Insurance Company*, 197 Pa. Superior Ct. 90, 93, 177 A. 2d 30, 32 (1962); *Wzontek v. Zurich Insurance Company*, 418 Pa. 30, 32, 208 A. 2d 861, 863 (1965).

To further demonstrate that these provisions were exceptions, we need but compare them with the language of the formal "Exceptions" in the instant policies which do not relate to pre-existing sickness. These "Exceptions" similarly state that "The insurance under this policy *shall not cover . . .*"

Even though the provisions relied on by the lower court and the company may be interpreted as conditions precedent, an ambiguity is certainly created by the exclusion language contained in the applications which were "made a part" of the policies.[3] An application is an integral part of a policy, and the questions and answers contained therein are material to the risks which both the company and the insured assume. Cf. *Orr v. Union Fidelity Life Insurance Company*, 202 Pa. Superior Ct. 553, 556, 198 A. 2d 431, 432 (1964). The law is well established that an insurance policy is to be construed most strongly against the insurer who has prepared it. If reasonably susceptible to two interpretations, it is to be construed in favor of the insured in order not to defeat, without plain necessity, the claims to indemnity which it was the insured's object to obtain. *Blue Anchor Overall Co. v. Pennsylvania Lumbermens Mutual Insurance Company*, 385 Pa. 394, 397, 123 A. 2d 413, 415 (1956); *Burns v. Employers' Liability Assurance Corporation, Limited*, 205 Pa. Superior Ct. 389, 394, 209 A. 2d 27, 30 (1965). This rule is especially applicable in the instant case, since the

---

[3] The policies also stated: "This policy, *including the endorsements and the attached papers*, if any, constitutes the entire contract of insurance." (Emphasis added.)

language of exclusion was contained in the question in which the company attempted to ascertain whether the insured fully understood the limits of the insurance coverage for which she was applying.

We conclude, therefore, that the lower court incorrectly granted a new trial on the mistaken belief that the insured had the burden of proving that her sickness commenced after the effective date of the policies.

The order awarding a new trial is reversed, and the record is remanded for entry of judgment in accordance with the verdict rendered.