**Polinski v. Nationwide Insurance Co.**

*Lindley M. Cowperthwait*, for plaintiff.
*Gilbert P. High, Jr..*, for defendant.

HONEYMAN, *J.*, April 26, 1978—This action in assumpsit was assigned to the undersigned judge for trial without a jury. It involves a question of the interpretation of an insurance policy contract between plaintiff insured, and defendant insurance company. Counsel represented to the court that there was no dispute as to the material facts, and so it was submitted as a case stated. Briefs were submitted thereafter.

The undisputed facts are as follows:

1. Plaintiff Vincent Polinski was seriously injured in a car accident which occurred on October 6, 1974, near Watkins Glen in New York.

2. At the time, plaintiff was a passenger in a car owned and operated by one Richard Sykes.

3. As a result of his injuries, plaintiff was required to undergo extensive treatment consisting of five operations including the amputation of two toes on his right foot and skin grafts on both feet.

4. Plaintiff's injuries have left him with a high degree of permanent disability.

5. Plaintiff has incurred expenses in excess of $7,000 as a result of the accident.

6. New York is a no-fault insurance state and it requires automobile insurance coverage by statute.

7. Under the laws of the State of New York, plaintiff was entitled to and, in fact, did recover compensation for his medical expenses and loss of earnings.

8. At the time of the accident, the Polinski household, of which plaintiff was a member, held two separate insurance policies with Nationwide (Policy no. 58 B 558-536 and 58 B 558-537) insuring two automobiles.

9. These policies provided the following types of coverage: (A) Comprehensive; (B) Collision; (C) Property Damage and Bodily Injury Liability; (D) Family Compensation, and (E) Comprehensive Family Liability. These contracts also contained certain exclusions, limitations and conditions.

10. Plaintiff submitted a claim to Nationwide for expenses incurred as a result of this same accident which Nationwide has refused to honor.

11. Thereafter, on December 9, 1975, plaintiff filed this action in assumpsit against defendant seeking payment for his covered expenses as well as damages claimed by reason of defendant's refusal to honor his claim.

In support of his claim plaintiff relies on the following paragraph of the insurance policy:

"D. FAMILY COMPENSATION. (Applicable to the Policyholder and relatives resident in his household and occupants of the insured vehicle).

"(1) To pay, in accordance with the schedule below, to or for the benefit of the policyholder, and while residents of the same household, his spouse, and the relatives of either who by accident suffer bodily injury, sickness, disease or death:

"(a) While in or upon, entering or alighting from: . . .

"(iii) Any other land motor vehicle or trailer except one owned for more than thirty (30) days by any person who is insured under this insurance agreement; . . . "—(a full copy of one of the two

separate policies is attached to this Brief and marked Exhibit "A").

Plaintiff contends that he is clearly entitled to recovery for his injuries under the above terms of the policy.

Defendant, however, contends that plaintiff is not entitled to payment because he was paid by the New York carrier which insured the car in which plaintiff was a passenger at the time of the accident. Defendant relies on paragraph number 4 under the heading of conditions, on page 7 of the policy, which paragraph is entitled "Other Insurance." That paragraph provides in pertinent part: "With respect to the protection afforded herein: . . . (c) by Coverage D (1), as respects Medical Benefits (Section 1), and by Coverage D (2), the insurance with respect to a temporary substitute automobile or a non-owned automobile, or for being struck by any land motor vehicle or trailer, shall be excess over other valid and collectible Automobile Medical Payments Insurance on Family Compensation Insurance applicable thereto; . . . " Thus, defendant contends that this insurance policy shall be excess over the payments plaintiff received under the New York no-fault policy, and since plaintiff has been compensated for expenses from the accident, plaintiff cannot collect for those expenses from defendant.

Plaintiff, however, contends that the above paragraph is not applicable because he was not paid from either an automobile medical payments insurance policy or a family compensation policy as specifically stated in that paragraph. Plaintiff contends that paragraph 4 should be strictly construed and limited to only those situations where payments have been received from those two specif-

ically designated types of coverage. In support of this interpretation plaintiff contends that the words "Automobile Medical Payments Insurance" and "Family Compensation Insurance" are terms of art in the insurance business and specifically relate to types of coverage generally available in Pennsylvania and throughout the United States. Plaintiff alleges that defendant could have and should have included "No-Fault Insurance" as an additional type of valid and collectible insurance if it wanted to treat its coverage as excess in this situation as well.

The law is clear that an insurance policy is to be construed most strongly against the insurer with the result that any ambiguities therein will be construed in favor of the insured: Dauphin Deposit Trust Company v. World Mutual Health and Accident Insurance Company of Pennsylvania, 206 Pa. Superior Ct. 406, 213 A. 2d 116 (1965). However, such insurance contracts must receive a practical, reasonable and fair interpretation consonant with the apparent object and intent of the parties at the time the contract was made: Burns v. Employers' Liability Assurance Corp., Limited, 205 Pa. Superior Ct. 389, 209 A. 2d 27 (1965). Furthermore, an insurance policy must be read in its entirety; it should be construed according to the plain meaning of the words used, so as to avoid ambiguity while at the same time giving effect to all of its provisions: Blocker v. Aetna Casualty and Surety Company, 232 Pa. Superior Ct. 111, 332 A. 2d 476 (1975).

Reading the insurance policy as a whole, it is clear that it was the intent of the insurer to prevent any double recovery on the part of the insured. Paragraph 6 on page 7 of the policy clearly states:

458

" . . . In no event shall any person be entitled to receive duplicate payments for the same elements of loss."

In addition, the term "Other Insurance," which is the title of the paragraph that plaintiff claims does not encompass no-fault insurance, is defined on page 13 of the policy as follows:

"With respect to bodily injury to an Insured while occupying an automobile not owned by the principal Named Insured, the insurance under this endorsement shall apply only as excess insurance over any other similar insurance available to such Insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance . . . "

This definition clearly states that this insurance coverage will be excess where any other "similar" insurance is available to the insured. The no-fault insurance policy was the primary insurance applicable to the car in which plaintiff was riding and was available to plaintiff. In fact, plaintiff has received compensation under the no-fault policy for medical expenses and loss of earnings as he would have received under the policy held by defendant. Therefore, plaintiff should be precluded from recovering again under the terms of this insurance contract.

## ORDER

And now, April 26, 1978, the court decides in

favor of defendant and orders the complaint dismissed. Unless exceptions hereto are filed within ten days, the prothonotary is directed to enter judgment hereon, upon praecipe being filed.