J-A19020-25

2025 PA Super 276

| ERIE INSURANCE EXCHANGE | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ESTATE OF ELISSA J. KENNEDY, BY | : | |
| AND THROUGH ITS | : | |
| ADMINISTRATOR, AND DAVID | : | No. 210 WDA 2025 |
| KENNEDY, INDIVIDUALLY AND IN | : | |
| HIS CAPACITY AS THE | : | |
| ADMINISTRATOR OF THE ESTATE OF | : | |
| ELISSA J. KENNEDY | : | |
| | : | |
| Appellant | | |

Appeal from the Order Entered January 27, 2025
In the Court of Common Pleas of Lawrence County
Civil Division at No:  GD 10106-2024

BEFORE:  BOWES, J., STABILE, J., and BENDER, P.J.E.

OPINION BY STABILE, J.:                    **FILED: December 11, 2025**

Appellants, Estate of Elissa J. Kennedy (the Estate), by and through its

Administrators, and David Kennedy, individually and in his capacity as the

Administrator of the Estate (collectively **"Appellant"**)[1] seek review of the

_____

[1] 20 Pa.C.S.A. § 3373 provides an action or proceeding to enforce any right or liability which survives a decedent may be brought by or against his personal representative. At the time Erie commenced this declaratory judgment action, it was unable to identify, and therefore aver, the administrator of the decedent's estate.  **See** Complaint, at para. 2. It additionally pled a "John Doe" as  the administrator of the estate as permitted under 231 Pa. Code § 2005.  **Id.** at para. 3.  **See also** Pa.R.C.P. 2005 (Unknown defendant. Doe designation).  Subsequently, the parties executed a stipulation to identify and substitute "David Kennedy, individually, and in his capacity as the Administrator of the Estate of Elissa J. Kennedy" for the previous "John Doe" designation.  **See** Stipulation to Amend Caption and
*(Footnote Continued Next Page)*

order entered by the Court of Common Pleas of Lawrence County (trial court), granting judgment on the pleadings for Appellee, Erie Insurance Exchange (Erie). Following a fatal motorcycle accident, Appellant sought, and was denied, uninsured/underinsured vehicle (UM/UIM) coverage under an Erie insurance policy purchased by Elissa J. Kennedy and her husband, Dennis Kennedy. The trial court granted judgment for Erie on the ground that such benefits were barred by an exclusion applicable when an insured has suffered damages while occupying a vehicle owned by a relative and not covered under the policy. Finding that the exclusion was valid, we affirm.

This case arose in 2023, when Elissa J. Kennedy sustained fatal injuries from a single-vehicle crash. At the time, she was riding as a passenger on a motorcycle owned and operated by her husband, Dennis Kennedy, who also did not survive.

The motorcycle was covered by a single-vehicle policy issued by Progressive Northern Insurance Company (the Motorcycle Policy). Dennis Kennedy was the only insured named on that policy, which provided liability coverage in the amount of "$100,000 each person/$300,000 each accident." Complaint for Declaratory Judgment, 2/12/2024, at Exhibit A (Progressive

_____

Complaint, 4/2/2024. It is not clear why David Kennedy was named individually, in addition to being named as the Administrator of Elissa's estate. Erie's complaint does not allege any claim personal to David Kennedy. Regardless, we shall treat this appeal as brought by the Estate of Elissa J. Kennedy, by and through its Administrator David Kennedy, as it is the Estate which is the real party in interest, and it is obvious that it is this entity, through its administrator, that Erie intended to sue and to which the parties agreed by their stipulation.

- 2 -

Motorcycle Insurance Coverage Summary, 2). The Motorcycle Policy also provided "nonstacked" UM/UIM coverage in the amount of "$100,000 each person/$300,000 each accident." *Id*.

Appellant filed a tort claim against Dennis Kennedy, alleging that his negligent operation of the motorcycle caused the death of Elissa J. Kennedy. Progressive settled the matter for the Motorcycle Policy's liability coverage limit ($100,000). No payments were made to Appellant under the UM/UIM provisions of the Progressive Motorcycle Policy. Appellant instead sought to recover additional benefits under a UM/UIM provision in an Erie household auto insurance policy (the Erie Policy) in which Elissa J. Kennedy and Dennis Kennedy were both named insureds.

The Erie Policy provided the following "stacked" UM/UIM benefits:

**Uninsured Motorists**
Bodily Injury $100,000 per person/
$300,000 per accident-Stacked

**Underinsured Motorists**
Bodily Injury $100,000 per person/
$300,000 per accident-Stacked

Complaint for Declaratory Judgment, 2/12/2024, at Exhibit B (Erie Auto Insurance Policy, Policy Declarations (Amended), at 2).

In the list of exclusions enumerated in the UM/UIM Endorsement, the Erie Policy also stated that it would not cover an insured's damages caused by a "miscellaneous vehicle" owned by a relative and not insured for UM/UIM coverage under the Erie Policy:

damages sustained by "**anyone we protect**" while "**occupying**" or being struck by a "**miscellaneous vehicle**" owned or leased by "**you**" or a "**relative**," but not insured for Uninsured or Underinsured Motorists Coverage under this policy.

Complaint for Declaratory Judgment, 2/12/2024, at Exhibit B (Erie Auto Insurance Policy, UM/UIM Endorsement, at p. 3, para. 5) (Emphasis in original).

The Erie Policy's UM/UIM Endorsement provided in the first paragraph that any bolded term within quotation marks would be defined by the General Policy Definitions section of the policy. ***Id***., at Exhibit B (Erie Auto Insurance Policy, UM/UIM Endorsement, at p. 1). The term, "miscellaneous vehicle," as used in the "miscellaneous vehicle" exclusion, was bolded, placed within quotations, and not specifically defined in the UM/UIM Endorsement. ***See id***., at Exhibit B (Erie Auto Insurance Policy, UM/UIM Endorsement, at p. 3). The General Policy Definitions of the policy defined "miscellaneous vehicle" in part as "motorcycles." ***Id***., at Exhibit B (Erie Auto Insurance Policy, General Policy Definitions, p. 2).

After Appellant filed its claim with Erie seeking stacked UM/UIM benefits, Erie in turn filed the instant declaratory judgment action to establish that such coverage was barred under the above exclusion in the Erie Policy. In its motion for judgment on the pleadings, Erie contended that the exclusion applied because:

- Dennis Kennedy's motorcycle was a "miscellaneous vehicle," as defined in the Erie Policy's General Policy Definitions;

- 4 -

- the damages were sustained by Erie's insured, Elissa J. Kennedy;

- Elissa J. Kennedy's damages were sustained while she was occupying Dennis Kennedy's motorcycle; and

- the motorcycle was not insured for UM/UIM coverage under the Erie Policy.

*See* Erie Motion for Judgment on the Pleadings, 7/31/2024, at paras. 34-41.

At oral argument before the trial court, the parties each presented caselaw in which the validity of such an exclusion was at issue. The trial court granted Erie's motion for judgment on the pleadings based in large part upon our Supreme Court's holding in ***Erie Ins. Exchange v. Mione***, 289 A.3d 524 (Pa. 2023), where a similar exclusion was given full effect. ***See*** Trial Court 1925(a) Opinion, at 4/9/2025, at 8-14.

Appellant timely filed a notice of appeal, and in its brief, two issues are now raised for our consideration:

**I**. Is an insured, who has selected and paid for stacked [UM/UIM] coverage, who is injured/killed while a passenger on a motorcycle (host-vehicle) owned and insured by another household family member, under a different policy, which motorcycle policy provides both liability and underinsured motorist coverage in the same amount as the injured party's stacked automobile [UM/UIM] coverage, entitled to receive the stacked [UM/UIM] benefits she paid for as under these circumstances Erie's underinsured motorist "miscellaneous vehicle" / "household exclusion" acts as a disguised waiver of stacked [UM/UIM] benefits and therefore is invalid and unenforceable?

**II**. Did the trial court abuse its discretion and err as a matter of law in finding that, when read together, the definition of "miscellaneous vehicle" and the Erie "miscellaneous vehicle endorsement" of the [Erie Policy], in the present matter were not ambiguous and unenforceable and that the Supreme Court had

previously held the "miscellaneous vehicle" clause valid in ***Erie Ins. Exchange v. Mione***, 289 A.3d 524 (Pa. 2023)?

Appellant's Brief, at 3-4 (footnotes and suggested answers omitted).

Appellant first contends that the "miscellaneous vehicle" exclusion in the Erie Policy was not enforceable as a matter of law because it was, in effect, a "disguised waiver" of stacked UM/UIM benefits. ***See id***.[2] Under Appellant's interpretation of the Erie Policy, section 1738 of the Motor Vehicle Financial Responsibility Law (MVFRL) (75 Pa.C.S.A. §§ 1701-1799.7), and several recent decisions concerning whether an insured has waived UM/UIM benefits, the trial court erred in granting judgment on the pleadings for Erie.[3]

When reviewing an order granting judgment on the pleadings, this Court must determine whether "the trial court's action respecting the motion for judgment on the pleadings was based on a clear error of law or whether there were facts disclosed by the pleadings which should properly go to the jury." ***Lewis v. Erie Exch.***, 753 A.2d 839, 842 (Pa. Super. 2000) (citations and internal quotations omitted). In cases where no factual issues have been raised in the pleadings, "our review is to determine whether the trial court

---

[2] The parties have also referred to this provision in their briefs as a "household exclusion."

[3] Appellant seems to be seeking underinsured (UIM) coverage for Elissa Kennedy under the Erie Policy, asserting that Dennis Kennedy carried insufficient liability coverage under his Progressive Motorcycle Policy. For the sake of consistency, and to avoid confusion, we will herein refer to the coverage sought by Appellant more generally as "UM/UIM" coverage.

committed a clear error of law." *Id*.; *see also* Pa.R.Civ.P. No. 1034(a) (permitting any party to move for judgment on the pleadings after the relevant pleadings are closed, but within such time as not to unreasonably delay the trial of the case).

Construing an insurance policy requires the application of "general principles of contract interpretation, as, at base, an insurance policy is nothing more than a contract between an insurer and an insured." *Gallagher v. GEICO Indem. Co.*, 201 A.3d 131, 137 (Pa. 2009). An insurance policy must be interpreted in accordance with "the intent of the parties as manifested by the terms used in the written insurance policy." *Id*. (quoting *401 Fourth St., Inc. v. Inv'rs Ins. Grp.*, 879 A.2d 166, 171 (Pa. 2005)). However, the provisions of an insurance policy may be deemed invalid "if they conflict with statutory mandates because contracts cannot alter existing laws." *Id*. Ambiguous policy terms must be construed in favor of the insured, and "most strongly against the insurer who has prepared [the policy]." *Peters v. World Mut. Health & Accident Ins. Co.*, 213 A.2d 116, 118 (Pa. 1965).

Auto insurance policies in Pennsylvania include provisions which cover the damages sustained by an insured due to the acts of motorists operating uninsured and underinsured motor vehicles. *See* 75 Pa.C.S.A. § 1702 (defining "underinsured motor vehicle" and "uninsured motor vehicle). It must be specified in an auto insurance policy whether those coverages are "stacked." *See* 75 Pa.C.S.A. § 1738(a). "The concept of stacking relates to

the ability to add coverages from other vehicles and/or different policies to provide a greater amount of coverage available under any one vehicle or policy." **Erie Ins. Co. Exch. v. Baluch**, 330 A.3d 825, 828 (Pa. Super. 2025) (quoting **Mione**, 289 A.3d at 526 n.2 (citation omitted)).

The stacking of UM/UIM coverage is governed by section 1738 of the MVFRL, which provides as follows:

> **(a) Limit for each vehicle.--**When more than one vehicle is insured under one or more policies providing uninsured or underinsured motorist coverage, the stated limit for uninsured or underinsured coverage shall apply separately to each vehicle so insured. The limits of coverages available under this subchapter for an insured shall be the sum of the limits for each motor vehicle as to which the injured person is an insured.
>
> **(b) Waiver**.--Notwithstanding the provisions of subsection (a), a named insured may waive coverage providing stacking of uninsured or underinsured coverages in which case the limits of coverage available under the policy for an insured shall be stated limits for the motor vehicle as to which the injured person is an insured.
>
> **(c) More than one vehicle.--**Each named insured purchasing uninsured or underinsured motorist coverage for more than one vehicle under a policy shall be provided the opportunity to waive the stacked limits of coverage and instead purchase coverage as described in subsection (b). The premiums for an insured who exercises such waiver shall be reduced.

75 Pa.C.S.A. § 1738.

Pennsylvania has mandated that "stacked UM/UIM coverage is the default coverage available to every insured and provides stacked coverage on all vehicles and all policies." **Baluch**, 330 A.3d at  (citing 75 Pa.C.S.A. § 1738(a)). An insured may only waive stacked UM/UIM coverage by

completing "a statutorily-prescribed waiver form, which the named insured must sign if [s]he wishes to reject the [statutory] default[.]" *Id*. (citing 75 Pa.C.S.A. § 1738(d)). The rationale underlying these mandates is that when an insured has paid for stacked UM/UIM benefits, such coverage may not be withheld by a "buried" policy amendment, as it would violate section 1738 and amount to a "*de facto* waiver" of stacked UM/UIM coverages. *See generally Gallagher*, 201 A.3d at 138.[4]

Here, Appellant is seeking UM/UIM benefits under the Erie Policy in which the decedents, Elissa J. Kennedy and Dennis Kennedy, were the named insureds. They have alleged that Dennis Kennedy was an underinsured driver, as Progressive only paid Appellant the $100,000 liability limit of Dennis Kennedy's Motorcycle Policy, and that this amount fell short of the total damages sustained by Elissa J. Kennedy when both she and Dennis Kennedy perished in a single-vehicle motorcycle accident.

The Erie Policy provided "stacked" UM/UIM benefits to Elissa J. Kennedy, but such coverage was limited by an exclusion stating that the policy would not cover damages sustained by an insured while occupying a "miscellaneous vehicle" owned by a relative and which was not a covered vehicle under the

---

[4] The present case involves an attempted "inter-policy stacking," which is the "addition of coverages for vehicles insured under different policies of insurance." *Craley v. State Farm Fire and Cas. Co.*, 895 A.2d 530, 539 (Pa. 2006) (citation omitted).

policy. **See** Complaint for Declaratory Judgment, 2/12/2024, at Exhibit B (Erie Auto Insurance Policy, UM/UIM Endorsement, at p. 3, para. 5).

It is undisputed that Elissa J. Kennedy was fatally injured while occupying a motorcycle owned and operated by her husband, Dennis Kennedy, and that his motorcycle was not listed as a "covered" vehicle under the Declarations Page of the Erie Policy. UM/UIM coverage is therefore barred if the Erie Policy's "miscellaneous vehicle" exclusion is valid and enforceable.[5]

These facts are strongly analogous to those in **Mione**. There, a motorcyclist was injured in an accident with another vehicle whose driver was both at fault and underinsured. The motorcyclist's insurance policy did not include UM/UIM coverage. However, the motorcyclist had two household policies covering other vehicles. The two other household policies included stacked UM/UIM coverage, as well as an exclusion which stated that UM/UIM coverage would not apply to

> Bodily injury to "you" or a "resident" using a non-owned "motor vehicle" or a "non-owned" miscellaneous vehicle which is regularly used by "you" or a "resident," but not insured for uninsured [("UM")] or [UIM] Coverage under this policy.

**Mione**, 289 A.3d at 782 (brackets in original).

The above exclusion in **Mione** provided that UM/UIM coverage would be barred where an insured sustained injuries while using a household vehicle

_____

[5] Appellant also have disputed whether Dennis Kennedy's motorcycle qualifies as a "miscellaneous vehicle" for purposes of the Erie Policy's "miscellaneous vehicle" exclusion. This issue will be addressed in greater depth, _infra_.

not covered on the policy under which the benefits were sought. UM/UIM benefits were therefore denied, and the motorcyclist argued that the exclusion was invalid because it did not comport with the statutory waiver requirements of 75 Pa.C.S.A. § 1738.

Our Supreme Court rejected that argument, explaining that UM/UIM coverage could not be procured in the "first instance" under the motorcyclist's household policies:

> [F]or a household vehicle exclusion to be acting as an impermissible *de facto* waiver of stacking, **the _insured_ must have received UM/UIM coverage under some other policy first**, or else Section 1738 is not implicated at all.

*Mione*, 289 A.3d at 531 (emphasis added). The motorcyclist had not received any UM/UIM benefits under his own motorcycle policy, so there was nothing for the UM/UIM benefits of the household policies to "stack on" to. Section 1738 therefore had no effect on the validity of the household policies' exclusions, notwithstanding the lack of a waiver which comported with the statutory form set forth in subsection 1738(d). **See id**.; **see also Eichelman v. Nationwide Ins. Co.**, 711 A.2d 1006 (Pa. 1998) (same).

Like the claimants in **Mione**, Appellant is barred by the exclusion of the Erie Policy from obtaining UM/UIM benefits in the first instance. Appellant did not, or could not, obtain UM/UIM benefits for Elissa Kennedy under the

Progressive Motorcycle Policy because it was purchased by and only for the benefit of Dennis Kennedy.[6]

Section 1738 provides that "[w]hen more than one vehicle is insured under one or more policies providing uninsured or underinsured motorist coverage . . . [t]he limits of coverages available under [the MVFRL] for an insured shall be the sum of the limits for each motor vehicle **as to which the injured person is an insured**." 75 Pa.C.S.A. § 1738(a) (emphasis added). Elissa J. Kennedy was not an insured on the Progressive Motorcycle Policy, so the UM/UIM coverage limits available to Dennis Kennedy under that policy could not be stacked with Elissa J. Kennedy's UM/UIM coverage on the Erie Policy. Accordingly, this is not a "stacking" case, section 1738 was not implicated, and Appellant is contractually barred by the Erie Policy's exclusion from receiving UM/UIM benefits. **See id**.; **see also Baluch**, 330 A.3d at 831 (holding that claimant could stack UM/UIM coverages because, absent a valid waiver, she had paid for the coverages in more than one "policy in which she was a named insured.").

Nevertheless, Appellant argues that **Mione** does not apply because unlike the motorcyclist in that case, Dennis Kennedy had purchased UM/UIM

---

[6] In **Newkirk v. United Servs. Auto. Ass'n**, 564 A.2d 1263, 1268 (Pa. Super. 1989), and **Wolgemuth v. Harleysville Mut. Ins. Co.**, 535 A.2d 1145, 1148-49 (Pa. Super. 1988) (*en banc*), this Court held that an insured could not receive both liability and UM/UIM benefits where only one insurance policy had come into play, and both the claimant and the tortfeasor were insureds under that same policy.

coverage for his motorcycle, statutorily entitling Appellant to stack the UM/UIM coverage purchased under the Erie Policy. Appellant relies primarily on our Supreme Court's holding in *Gallagher*, where a similar exclusion barring UM/UIM benefits was held to be invalid.

In *Gallagher*, a motorcyclist was injured in an accident caused by another driver who was underinsured. The motorcyclist had purchased two policies, each of which provided stacked UM/UIM benefits. The first policy covered only the motorcycle; the second covered two automobiles, while also containing a "household exclusion" which precluded UM/UIM benefits. *See Gallagher*, 201 A.3d at 132-33. Our Supreme Court held that the exclusion was invalid because the resulting waiver of UM/UIM coverage did not comport with the statutory requirements of section 1738. *See id*.

The instant case is materially distinguishable from *Gallagher*. Appellant is attempting to stack UM/UIM coverages from (a) the Progressive Motorcycle Policy under which Dennis Kennedy was the only insured, and (b) the Erie Policy under which Dennis Kennedy and Elissa J. Kennedy were the insureds. Crucially, the party from whom the right to stack UM/UIM benefits under the Erie policy is derived (Elissa J. Kennedy) was *not* an insured under the Motorcycle Policy. In other words, no one paid for Elissa J. Kennedy to

- 13 -

receive UM/UIM benefits under the Motorcycle Policy, so that policy affords her no contractual right to such coverage in the first instance.[7]

To repeat, our Supreme Court held in **Mione** that a household vehicle exclusion can only be invalidated by section 1738 when the insured seeking to stack UM/UIM coverage has "**received UM/UIM coverage under some other policy first**, or else Section 1738 is not implicated at all." **Mione**, 289 A.3d at 531 (emphasis added). The "miscellaneous vehicle" exclusion in the Erie Policy is therefore valid because the insured, Elissa J. Kennedy, has not first received UM/UIM coverage under Dennis Kennedy's Motorcycle Policy. Thus, **Gallagher** is inapposite, and **Mione** compels the affirmance of the trial court's ruling.[8]

_____

[7] This fact also distinguishes the present case from a recent opinion cited by Appellant, **Erie Ins. Exch. v. Baluch**, 330 A.3d 825 (Pa. Super. 2025), where this Court found that a claimant in a single-vehicle motorcycle accident could stack UM/UIM benefits on two separate policies, both of which provided such coverage. The first policy covered the motorcycle, and the claimant was an insured as a member of the household. The second policy covered the claimant's own personal vehicle. **See Baluch**, 330 A.3d at 826-27. Absent a section 1738 waiver, the exclusion of UM/UIM coverage in the first policy could not be given effect, as the claimant had paid for stacked UM/UIM benefits in both policies. **See id**., at 831. The present case is different because Elissa J. Kennedy was not insured under her husband's Motorcycle Policy, and there is no UM/UIM coverage to stack on to the Erie Policy. Additionally, the UM/UIM coverage in the Motorcycle Policy is "nonstacked," making it even more dubious that Appellant may stack UM/UIM benefits from the two policies.

[8] Appellant suggests that the record does not support the trial court's finding of fact that Elissa J. Kennedy cannot receive UM/UIM benefits under the Progressive Motorcycle Policy purchased by her husband, Dennis Kennedy. **See** Appellant' Brief, at 43-44. To support its contention, Appellant notes that

*(Footnote Continued Next Page)*

We now turn to Appellant's remaining claims concerning whether the "miscellaneous vehicle" exclusion in the Erie Policy, when read together with other policy provisions, is invalid due to ambiguity.

Clear and unambiguous language in an insurance policy must be given full effect. *See 401 Fourth St.*, 879 A.2d at 171. However, terms in an insurance policy may be found to be ambiguous, and therefore unenforceable against an insured, if the terms are "subject to more than one reasonable interpretation when applied to a particular set of facts." *Swarner v. Mut. Ben. Grp.*, 72 A.3d 641, 645 (Pa. Super. 2013). Such ambiguity does not

_____

they did not admit in the pleadings to Elissa J. Kennedy's ineligibility, having only asserted that her Estate has not recovered such benefits from Progressive. *See id*. Appellant further proposes that, since they now plan to seek UM/UIM benefits from Progressive under the Motorcycle Policy, the present case is distinguishable from *Mione* and falls under the ambit of *Gallagher*, as the record establishes that Elissa J. Kennedy had two separate policies with UM/UIM coverage that are stacked by statutory default. *See id*.

We are unpersuaded by this argument. Dennis Kennedy was the sole insured under the Progressive Motorcycle Policy. As such, UM/UIM coverage under that policy only benefited *Dennis Kennedy* if he sustained damages caused by an uninsured or underinsured driver. Progressive already settled Appellant's tort claim against Dennis Kennedy for the Motorcycle Policy's liability limit of $100,000. Appellant has put forth no factual or legal basis which would contractually entitle Elissa J. Kennedy to UM/UIM benefits under a policy in which she was not an insured. Moreover, section 1733 of the MVFRL governs the priority of an insured's recovery – it states that payment "shall be made" from the policy covering a motor vehicle not involved in the accident only *after* payment is made from the "policy covering a motor vehicle occupied by the injured person at the time of the accident." 75 Pa.C.S.A. § 1733(a). No payment has been made under the Motorcycle Policy's UM/UIM provisions, so section 1733 now prohibits Appellant from recovering such a payment under the Erie Policy. *See id*.

arise "simply because the parties disagree on the proper construction; if possible, [the Court] will read the provision to avoid an ambiguity." ***Brown v. Everett Cash Mut. Ins. Co.***, 157 A.3d 958, 962 (Pa. Super. 2017).

Here, in its UM/UIM Endorsement, the Erie Policy provides in relevant part that it will not cover:

> 5. Damages sustained by "anyone we protect" while "occupying" or being struck by a "**miscellaneous vehicle**" owned or leased by "you" or a "relative," but not insured for Uninsured or Underinsured Motorist overage under this policy.

Complaint for Declaratory Judgment, 2/12/2024, at Exhibit B (Erie Auto Insurance Policy, UM/UIM Endorsement, at p. 3, para. 5) (emphasis added).

In the General Policy Definitions section of the Erie Policy, a "miscellaneous vehicle" is expressly defined as including "motorcycles":

> **"Miscellaneous vehicle"** means a *motorcycle* (including a motorcycle with a sidecar), moped, snowmobile, golf cart, all terrain vehicle and any similar recreational vehicle. It does not include a lawn and garden tractor or mower or similar vehicle.

***Id***., at Exhibit B (Erie Auto Insurance Policy, General Policy Definitions, p. 2) (bolded emphasis in original, italics supplied).

Appellant argues that the above exclusion in paragraph 5 of the UM/UIM Endorsement is unenforceable for two reasons. First, Appellant contends that it is ambiguous whether the motorcycle owned and operated by Dennis Kennedy at the time of the subject accident would qualify as a "motor vehicle" under a separate exclusion defined in paragraph 4 of the UM/UIM Endorsement. Second, Appellant asserts that the policy is ambiguous as to whether, under the policy's Miscellaneous Vehicle Endorsement, Dennis

Kennedy's motorcycle was covered under the Erie Policy. We are not persuaded by either ground.

Under paragraph 4 of the Exclusions section of the UM/UIM Endorsement, the Erie Policy provides that it will not cover

> **4**. damages sustained by "anyone we protect" while:
>
> **a**. "occupying" or being struck by a "**motor vehicle**" owned or leased by " you" or a "relative," but not insured for Uninsured or Underinsured Motorists Coverage under this policy. This exclusion does not apply when "anyone we protect" is "occupying" or struck by a "motor vehicle" owned or leased by "you" or a "relative" that is insured for Uninsured or Underinsured Motorists Coverage under any other Eric insurance Group policy; or
>
> **b**. "occupying" or being struck by a "**motor vehicle**" owned or leased by "you" or a "relative," but not insured for Uninsured or Underinsured Motorists Coverage under this policy.
>
> Exclusion 4.a. applies only when the STACKED option is selected. Exclusion 4.h. applies only when the UNSTACKED option is selected.

Complaint for Declaratory Judgment, 2/12/2024, at Exhibit B (Erie Auto Insurance Policy, UM/UIM Endorsement, at p. 3, para. 4) (emphasis added). The UM/UIM Endorsement specifically defines a "motor vehicle" as "any vehicle which is self-propelled." *Id*., at Exhibit B (Erie Auto Insurance Policy, UM/UIM Endorsement, at p. 1).

Assuming that Dennis Kennedy's vehicle, a motorcycle, satisfies the above definition of a "motor vehicle," the vehicle *still* would be excluded from coverage under "Exclusion 4.a." of the Erie Policy. Stacked UM/UIM coverage was selected; the motorcycle was owned by Elissa J. Kennedy's relative,

Dennis Kennedy; and the motorcycle was not insured for UM/UIM coverage under the Erie Policy. These policy terms do not make the policy language ambiguous; it is just that the facts of this case made Appellant's damages subject to more than one exclusion in the Erie Policy's UM/UIM Endorsement.[9]

Appellant seems to raise a sub-claim that, since the motorcycle may be categorized as a "motor vehicle" under the Erie Policy, the "motor vehicle" exclusion in the UM/UIM Endorsement could not apply due to the prohibitions of subsection 1731(a) of the MVFRL. *See* Appellant's Brief, at 49-50. This subsection provides that "[n]o motor vehicle liability insurance policy shall be delivered or issued for delivery in this Commonwealth, with respect to any motor vehicle registered or principally garaged in this Commonwealth, unless [UM] and [UIM] coverages are offered therein[.]" 75 Pa.C.S.A. § 1731(a).

No relief is due as to this sub-claim as well. Even if the subject motorcycle is a "motor vehicle" for purposes of the above exclusion, subsection 1731(a) would not entitle Appellant to UM/UIM coverage from the Erie Policy. This statute only required the insureds to be "*offered*" such coverage. *See* 75 Pa.C.S.A. § 1731(a).

_____

[9] Appellant has remarked in its brief that the trial court and Erie have at times been imprecise when referring to the exclusion Erie applied when denying UM/UIM coverage. Ultimately, though, the dual applicability of paragraphs 4 and 5 of the UM/UIM Endorsement make this a moot point, since Erie apparently could have relied on one or both exclusions. *See Hassel v. Franzi*, 207 A.3d 939, 957 (Pa. Super. 2019) ("This Court is not limited by the trial court's rationale and may affirm its decision on any basis.").

UM/UIM benefits were in fact purchased from Erie for four household vehicles, but Dennis Kennedy and Elissa J. Kennedy opted not to add the subject motorcycle to the Erie Policy. There is no evidence in the record, or allegation in the pleadings, which suggests that Erie failed to "offer" Appellant UM/UIM coverage for that motorcycle. **See generally Rush v. Erie Ins. Exch.**, 308 A.3d 780, 802 (Pa. 2024) (holding that UM/UIM coverage is not "universally portable," and that section 1731 does not prohibit insurance policies from limiting the scope of UM/UIM benefits through contractual exclusions); **see also Lewis v. Erie Ins. Exch.**, 793 A.2d 143, 150 (Pa. 2002) (recognizing that insured's purchase of UM/UIM coverage is optional). As a result, the exclusions in the Erie policy do not run afoul of section 1731.

Finally, Appellant argues that the Erie Policy's exclusions in the UM/UIM Endorsement cannot be enforced because it is ambiguous whether Dennis Kennedy's motorcycle was covered under the policy's "Miscellaneous Vehicle Endorsement." **See** Appellant's Brief, at 54-60. This separate section of the Erie Policy would only apply if a "miscellaneous vehicle" was included in the list of "Vehicles Covered" on the policy's Declarations page. In that event, a "miscellaneous vehicle" would be defined in part as an "owned auto we insure," thereby affording coverage for Dennis Kennedy's motorcycle. **See** Complaint for Declaratory Judgment, 2/12/2024, at Exhibit B (Erie Auto Insurance Policy, Miscellaneous Vehicle Endorsement, at p. 1).

We find that this claim, too, is unavailing. The definitions in the Erie Policy's Miscellaneous Vehicle Endorsement could only go into effect (and

trump the policy's general definitions) if a "miscellaneous vehicle" had been listed on the policy's Declarations Page. The record indisputably shows that the Declarations Page of the Erie policy does *not* include Dennis Kennedy's motorcycle. It follows that there is no reasonable ambiguity as to whether that motorcycle could be considered as an insured vehicle under the Erie Policy. To the contrary, the language in the UM/UIM Endorsement of the Erie Policy clearly provides that Dennis Kennedy's motorcycle was a "miscellaneous vehicle" for purposes of the UM/UIM Endorsement, precluding UM/UIM coverage.

To conclude, the Erie Policy's exclusions of UM/UIM coverage are valid because they did not interfere with Elissa J. Kennedy's ability to stack those benefits. Elissa J. Kennedy was not an insured under two separate policies that afforded her UM/UIM coverage, and a waiver pursuant to section 1738 was not necessary to give effect to the exclusions in the Erie Policy. Moreover, the Erie Policy's terms unambiguously excluded Dennis Kennedy's motorcycle from UM/UIM coverage. Thus, the trial court did not err in granting judgment on the pleadings for Erie, and the order on review must be upheld.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 12/11/2025